THOMAS A. MURPHY, R. G. SMITH AND FELIX GOGOLINSKI

*v.*

STATE OF ILLINOIS.

*Opinion filed December 11, 1916.*

LICENSE FEES—*may not be refunded, when.* Where a fee is paid in order to obtain a license to open subscriptions to the capital stock of a corporation and the license issues, but no further steps are taken or the corporation is not completed, no refund may be made.

Walter F. Somers, for Claimants.

P. J. Lucey, Attorney General, for State.

This is a case where claimants applied to the Secretary of State for a license to open books of subscription to the capital stock of the Central Plumbing and Heat Supply Company. Their application to the Secretary of State was accompanied by a check for seventy ($70) dollars, receipt of which was acknowledged by him, February 19, 1914. License was issued in accordance with their application, but later the parties not desiring to complete their organization, requested the Secretary of State to refund the amount of the check which accompanied their application. The Secretary of State informed them he would be unable to comply with their request as the money in question had been paid to the State Treasurer.

Upon claimants' application to the State Treasurer for a refund of the amount in question, they were informed that same could not be paid by him but that they might secure redress before this Court.

The State has filed a general and special demurrer to this claim.

The causes assigned by the special demurrer set up the fact that the license fee was paid by the Secretary of State into the State Treasury, and that by reason thereof the State of Illinois by its officers has performed all the services required of it by law, and that it is entitled to the license fee so paid and upon which this claim is based. Preliminary to the filing of any papers in the office of the Secretary of State in order to incorporate under the laws of this State, the proposed incorporators must pay to the Secretary of State the fee prescribed by statute. Hurd's Stats. 1913, p. 1254. chap. 53, par. 10.

Where a fee has been paid to the Secretary of State in order to obtain a license to incorporate, such fee may not be recovered back, even though no subscriptions to the capital stock are received by the commissioners or no further action is taken to compleat the incorporation.

*McKinley et al* v. *State,* 2 Ct. of Cl. R. 125; *Wells-Liddell Co.,* v. *State,* 2 Ct. of Cl. R. 381.

The facts in this case are similar to those in the case of *Wells-Liddell Co., v. State Supra;* the Court in that case held as follows:

"The provision of the Statute in reference to the case at bar involves the same principles as in the case of *Wm. McKinley, R. W. Hood and J. R. Ebersol,* v. *State,* decided at the October Term of this Court, 1910, wherein this Court decided the provision of the law, chapter 53, Hurd's Revised Statutes 1909, is clear, that payment of the sum of thirty ($30) dollars, was a requirement which must be complied with before the Secretary of State could issue any papers whatever and that retention of the fee by the Secretary of State is in no way made conditional upon the corporation or individual taking further steps. The law does not make this fee divisible and this Court has no authority to decide this case contrary to the plain provisions of the law."

As this case clearly comes within the law as decided in the case of *Wells-Liddell Co., v. State,* and as the decision in that case has been in accordance with the holding of this Court, we are of the opinion that the demurrer should be sustained. Demurrer sustained.